[Civ. No. 9517.   First Appellate District, Division Two.—January 4, 1935.]

E.  KERSTENS, Respondent, v.  PACIFIC  GAS  AND ELECTRIC  COMPANY (a Corporation), Appellant.

Thomas J. Straub, W. H. Spaulding and Clinton F. Stanley for Appellant.

Reisner & Deming for Respondent.

STURTEVANT, J.—The plaintiff sued to recover damages for personal injuries.  The action was tried before the court sitting with a jury.  A verdict was returned in favor of the defendant.  The plaintiff made a motion for a new trial specifying all of the statutory grounds.  Thereafter an order was made that the motion be granted.  From that order the defendant has appealed under the alternative method.

In its brief it makes only one point and that is that the evidence showed the plaintiff was guilty of contributory negligence as a matter of law.  In that connection it concedes that in instructing the jury the trial court erroneously gave an instruction which in part was as follows: ''Before the

plaintiff can recover against the defendant he must prove by a preponderance of the whole evidence . . . that the plaintiff was himself not guilty of negligence contributing to the accident and the resulting injuries.'' Continuing, it asserts that because of said error the trial court granted a new trial. Although the record does not show the fact, we will assume the statement of the defendant is correct. Further continuing, the defendant asserts the evidence showed that the plaintiff was guilty of contributory negligence as a matter of law. Thereupon it argues that in giving the erroneous instruction the error became immaterial. If, as contended by the defendant, the plaintiff was guilty of contributory negligence as a matter of law, the order appealed from should be reversed, otherwise it should be affirmed. We therefore pass to a consideration of the facts recited in the defendant's brief on which it is asserted that the plaintiff was guilty of contributory negligence as a matter of law.

The accident occurred on August 7, 1929, at about 10 o'clock in the morning. The plaintiff was an experienced iron worker who had been working at his trade in San Francisco for ten years or more. He was familiar with electric power lines and knew the dangers in working about them. On that day he and two assistants were sent by their employer to install some metal rods in a new hotel building which was being constructed on the east side of Fillmore Street near Fulton Street in San Francisco. On arriving he found that the framework of the building six stories high had been installed. Floor joists 18 inches apart were in place. A power line extended north and south on the east side of the building. The distance between the wall of the building and the wires was about 9 feet 6 inches. The power line consisted of poles 25 or 30 feet long. At the extreme top of the poles were crossbars and attached to those crossbars were two wires owned and operated by the defendant and which the evidence discloses carried 11,000 volts. Below those wires were others which were the property of the Market Street Railway Company and which were a part of the power line for the operation of its cars. A hoisting pulley was already in place. A beam had been placed on the top of the building extending out into Fillmore Street two or three feet. At the end of the beam a pulley was at-

tached and a rope ran through the pulley. The device was operated by attaching the weight to one end of the rope and by hand power the weight was raised to the desired height. The plaintiff went to the third floor. While standing there he observed the power line and the poles. He noticed the crossbeams, but the evidence was conflicting as to whether they were painted or whether they were painted brown or painted yellow. He saw no danger sign on the crossbeams. He took a position near the front of the building and one of his assistants tied the rope on a bundle of rods four or five feet from the end. The bundle weighed about 80 pounds and the rods were about 20 feet long. The helpers on the ground raised the bundle until the lower end was slightly above the third floor. At that time the plaintiff reached out with his right hand, grabbed the bottom of the bundle and rapidly pulled the lower end into the building on the third floor. As he did so the helpers slacked the rope. As the bundle was thus brought into place the outer end either touched the wires or came in such close contact therewith that part of the electric current passed down the rods and through the body of the plaintiff, causing the injuries complained of. When observing the wires, as mentioned above, he noticed that they were insulated. However, other wires around which he had worked were also insulated. No other portions of the record are cited to us and from our examination of the record the foregoing statement seems to be full and complete.

As to what might be said of the foregoing story, if the attack were made that the plaintiff was guilty of contributory negligence as a matter of fact, we are not called upon to express any opinion. When, as here, the attack is that the facts show contributory negligence as a matter of law, the rule in this state is well settled. In *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, at page 241 [116 Pac. 513], the court quoted with approval from *Johnson* v. *Southern Pac. Co.*, 154 Cal. 285 [97 Pac. 520], as follows: " 'It is only where no fact is left in doubt, and no deduction or inference other than negligence can be drawn by the jury from the evidence, that the court can say, as a matter of law, that contributory negligence is established. Even where the facts are undisputed, if reasonable minds might draw

different conclusions upon the question of negligence, the question is one of fact for the jury.' '' Applying that rule to the facts which we have recited above, we think it is perfectly evident that reasonable minds might draw different conclusions from those facts.

It follows that the order appealed from should be affirmed. It is so ordered.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 2, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 28, 1935.